Citation Nr: 1456902 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 10-11 118 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for a bilateral shoulder disability.

2. Entitlement to service connection for bilateral radiculopathy of the lower extremities.

3. Entitlement to service connection for tinnitus.

4. Entitlement to service connection for gastroesophageal reflux disease (GERD)

5. Entitlement to service connection for hypertension.

6. Entitlement to a rating in excess of 50 percent for post-traumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: Georgia Department of Veterans Services



ATTORNEY FOR THE BOARD

J. Acosta, Associate Counsel


INTRODUCTION

The Veteran served on active duty from October 1984 to February 1991 and from January 2005 to June 2006.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of an January 2008 rating decision of the Atlanta, Georgia Regional Office (RO) of the Department of Veterans Affairs (VA). 

Regarding the Veteran's appeal for bilateral radiculopathy of the lower extremities, the Board notes that the Veteran initially claimed this disability as a "left leg and calf" and a "right leg and calf" condition as due to an undiagnosed illness. However, in the Veteran's March 2010 substantive appeal, he clarifies that the November 2009 VA "examiner diagnosed me with associated radiculopathy to the lower extremities. I contend that this condition is and[sic] in fact has a direct correlation to the condition I have been complain about receiving treatment for since I started going to VAMC Dublin GA. Therefore, the right and left legs and calf condition should be granted as service connected due to associated radiculopathy of the lower extremities." (Emphasis added). The Board notes that upon receiving a diagnosis the Veteran clarified his appeal and his claim for benefits to be limited to bilateral radiculopathy of the lower extremities as reflected on the title page.

The issues of entitlement to service connection for a bilateral shoulder disability, GERD, hypertension, and entitlement to a rating in excess of 50 percent for PTSD are addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDINGS OF FACT

1. In February 2014, prior to the promulgation of a decision in the appeal, the Atlanta, RO granted the Veteran service connection for bilateral radiculopathy of the lower extremities.

2. The Veteran's tinnitus is related to noise exposure in service.


CONCLUSIONS OF LAW
 
1. The appeal concerning entitlement to service connection for bilateral radiculopathy is dismissed, as service connection for this condition was already granted and there remains no justiciable case or controversy with respect to this claim. 38 U.S.C.A. § 7105 (West 2002).

2. The criteria for service connection for tinnitus are met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002); 38 C.F.R. § 3.303 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duty to Notify and Assist

VA satisfied its duty to notify the Veteran pursuant to the Veterans Claims Assistance Act of 2000 (VCAA, 38 U.S.C.A. §§ 5100 , 5102-5103A, 5106, 5107, 5126 (West 2002 & Supp. 2014), 38 U.S.C.A. §§ 5100 , 5102, 5103, 5103A, 5106, 5107, 5126 (West 2002 & Supp. 2014); Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Pub. L. No. 112-154, §§ 504, 505, 126 Stat. 1165, 1191-93 ; 38 C.F.R. §§ 3.102 , 3.156(a), 3.159, 3.326(a) (2014). The VCAA requires VA to assist a claimant at the time that he or she files a claim for benefits. The United States Court of Appeals for Veterans Claims (Court) has held that as part of this assistance, VA is required to notify claimants of the evidence that is necessary in substantiating their claims, and provide notice that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. 38 U.S.C.A. § 5103(a) ; 38 C.F.R. § 3.159(b)(1) ; Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002); Dingess v. Nicholson, 19 Vet. App. 473, 486 (2006). 

Since the Board is granting the Veteran's appeals for service connection for tinnitus, there is no need to discuss whether the Veteran has received sufficient notice or assistance with regard to these claims, given that any error would be harmless.

Service Connection 

 Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110; 38 C.F.R. § 3.303(a). To establish entitlement to service-connected compensation benefits, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b).

Merits

The Veteran contends that tinnitus is related to his active duty service.

The Veteran was diagnosed with tinnitus in the March 2009 VA examination and a private medical report in April 2008. 

The Veteran is competent to report exposure to noise. He is also credible in this regard as the Veteran's Certificate of Release or Discharge from Active Duty (DD-214) reports that he served in a designated imminent danger pay area. This evidence lends credence to his reports of exposure to mortar fire and firearm use. 38 U.S.C.A. § 1154(a). Thus, the Board finds that the Veteran has presented sufficient evidence showing that he was exposed to noise in service.

The Board notes that there is no contradictory evidence with regard to the relationship between the Veteran's tinnitus and his active service. The September 2007 VA examiner does not address whether the Veteran's tinnitus is related to his active service. Instead, the VA examiner speculates on the origins of the Veteran's tinnitus as he states "[t]he etiology of the veteran's reported occasional bilateral tinnitus cannot be determined. However, his history of civilian occupational exposure without use of ear protection and total cerumen impaction noted bilaterally prior to today's evaluation are considered to be possible factors in that complaint." The Board notes that VA examiner never provides an opinion on the etiology of the Veteran's tinnitus. Instead, the examiner lists two possible factors in an equivocal statement. Considering that the examiner provides no real opinion on the etiology of the Veteran' tinnitus, the Board finds that the VA examiner's remarks are of limited probative value. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (whether the medical expert provided fully articulated opinion is one factor in determining the probative value of a medical opinion). 

Regarding the Veteran's statements that he has had tinnitus since November 2005 as reported in his application for VA benefits in March 2007, the Board acknowledges that the Veteran is competent to attest to the current and in-service manifestations of tinnitus, as this condition is capable of lay diagnosis. Charles v. Principi, 16 Vet. App 370 (2002) (tinnitus can be observed by the lay person); Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007) (sometimes the layperson will be competent to identify the condition where the condition is simple, for example a broken leg, and sometimes not, for example, a form of cancer). 

Moreover, the Veteran is similarly competent to report a continuity of relevant symptoms regarding his tinnitus since his period of active duty. See Layno v. Brown, 6 Vet. App. 465, 470 (1994); Charles, 16 Vet. App. at 374; Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009). Furthermore, the Veteran's statements in this regard are uncontroverted by the other evidence of record and are therefore deemed credible. Caluza v. Brown, 7 Vet. App. 498, 506 (1995). As such, those statements constitute probative evidence of a nexus between the Veteran's current tinnitus and his conceded in-service noise exposure. Considering the foregoing the Board finds that there is sufficient evidence to support an award of service connection on a direct basis for tinnitus. See 38 C.F.R. § 3.303(b); Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007). Therefore, the Board finds that service connection for tinnitus is warranted.

Bilateral Radiculopathy - Dismissed

Service connection for the Veteran's claimed bilateral radiculopathy of the lower extremities was awarded by the Atlanta RO in a February 2014 rating decision. As such, this claim is dismissed as a matter of law, as there remains no case or controversy; or dispute of fact or law, regarding this issue. 38 U.S.C.A. § 7105 (West 2002); see also Baughman v. Derwinski, 1 Vet. App. 563, 566 (1991). The benefit sought on appeal was granted in full.

Because service connection has been granted for the Veteran's claimed bilateral radiculopathy of the lower extremities, VA has no notice or duty to assist obligations with respect to that claim.


ORDER

The claim of entitlement to service connection for bilateral radiculopathy is dismissed.

Service connection for tinnitus is granted


 (CONTINUED ON NEXT PAGE)


REMAND

Regrettably, a remand is necessary for further evidentiary development of the Veteran's appeal for entitlement to service connection for a bilateral shoulder disability. Additionally, after review of the Veteran's file, the Board has determined that a Statement of the Case (SOC) should have been issued for the Veteran's claims of entitlement to service connection for GERD, hypertension, and a rating in excess of 50 percent for PTSD. 

Regarding the bilateral shoulder disability claim, the Veteran's September 2007 VA examination was deficient, as it did not provide an etiological opinion, and the Board finds that a new examination is warranted. The September 2007 VA examination diagnosed the Veteran with bilateral shoulder strain, but the examiner did not provide an opinion on the etiology of this disability and whether it was related to the Veteran's service. See Nieves- Rodriguez v. Peake, 22 Vet. App. 295 (2008) (the probative value of a medical opinion comes from when it is the factually accurate, fully articulated, and sound reasoning for the conclusion) see also Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007) (holding that once VA undertakes the effort to provide an examination when developing a claim, even if not statutorily obligated to do so, VA must ensure that the examination provided is adequate). The lack of an opinion makes the VA examination deficient for purposes of establishing service connection. In providing an examination VA is obligated provide an adequate examination. Therefore, the Board finds a new examination is warranted.

Regarding the issuance of an SOC, the Board notes that following the RO's November 2011 rating decision addressing his claims for hypertension, GERD, and an increased rating for PTSD, the Veteran's then representative submitted correspondence on September 13, 2012, wherein he alleges that a notice of disagreement was previously submitted for the above mentioned disabilities. While the Board was unable to locate the NOD that the representative's correspondence refers to, this correspondence itself falls within the one year time-frame for a timely NOD and as it states with specificity which claims are being appealed and is sufficient to constitute an NOD. See 38 C.F.R. § 20.201. Thus, the Board has determined that an SOC should be issued for the Veteran's claims for service connection for GERD and hypertension, and a rating in excess of 50 percent for PTSD. See Manlincon v. West, 12 Vet.App. 238, 240-41 (1999) (vacating a Board decision and remanding a matter where VA failed to issue a SOC after the veteran filed a timely NOD).

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request that he identify the names, addresses, and approximate dates of treatment for all VA and non-VA health care providers who have treated him for his bilateral shoulder disability. The Veteran should be requested to sign any necessary authorization for release of medical records to VA. 

The records sought should include any VA treatment records for the Veteran from Dublin VA Medical Center (VAMC), and any records obtained should be associated with the Veteran's claims folder.

2. Thereafter, schedule the Veteran for VA examination with the appropriate examiner. The Veteran's claims folder (including a copy of this remand) must be provided to and reviewed by the VA examiner as part of any examination. A notation to the effect that this review has taken place should be made in the evaluation report. All studies and tests should be performed as deemed necessary by the examiner and the results of any testing must be included in the examination report.

The VA examiner should review the STRs and any post-service records contained in the claims folder.

After taking a detailed history from the Veteran regarding his bilateral shoulder disability, and considering the pertinent information in the record in its entirety, the VA examiner should opine as to whether it is at least as likely as not, i.e. 50 percent probability or greater, that any identified disabilities are etiologically related to the Veteran's active service. 

In providing an opinion, the examiner who administers the examination is asked to please comment on the Veteran's May 14, 2006, "Report of Medical Assessment" wherein the Veteran's checked "yes" to the question "[h]ave you suffered from any injury or illness while on active duty for which you did not seek medical care" and further writes "[l]ower [b]ack pains & pains in shoulder joints." Likewise, the examiner is also asked to comment on the Veteran's September 2007 VA examination which provided a diagnosis of bilateral shoulder strain.

3. Ensure that the examination report complies with this remand and the questions presented in this request. If the report is insufficient, it must be returned to the examiner for necessary corrective action, as appropriate. 

3. Provide the Veteran an SOC on the issues of entitlement to service connection for GERD and hypertension, and entitlement to a rating in excess of 50 percent for PTSD.

4. After completing the requested actions and any additional notification and/or development deemed warranted, readjudicate the issue of entitlement to service connection for bilateral shoulder disability. If the benefit sought on appeal is not granted, the Veteran and his representative must be furnished a supplemental statement of the case and afforded the appropriate time period for response.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
 
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).






______________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs